RODD v. SLEICHER et al.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. CHANGE OF VENUE—AFFIDAVIT OF MERITS.
    An affidavit of merits, on an application for a change of venue, stating that the affiant had "fully and fairly stated the case of the defendants" to their counsel, instead of merely that he had "stated the case," is sufficient.

2. SAME—CONVENIENCE OF WITNESSES.
    Where the affidavits on a motion for a change of venue showed that 10 material and necessary witnesses of the moving party resided in another county, and only 3 witnesses of the adverse party resided or were to be found in the county where the action was brought, a change of venue should be granted.

Appeal from special term, Kings county.

Action by William I. Rodd, an infant, by Adeline E. Rodd, his guardian ad litem, against William N. Sleicher and others. From an order denying a change of venue, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

H. O. Ingalls, for appellants.
Henry J. Furlong (John J. O'Connell, on the brief), for respondent.

GOODRICH, P. J. The plaintiff sues to recover damages for injuries occasioned to him while engaged in the defendants' foundry in the county of Albany. He was an apprentice, 19 years of age, had been employed only a few days, and was not skilled in his employment. While carrying a ladle of molten iron, some of it fell upon and seriously burned his foot, so as to incapacitate him for work, and causing permanent injury. He claims that the defendants negligently suffered a ladder to be in the passageway through which he had to pass, and that this formed an incumbrance, by reason of which he stumbled and received his injuries. The defendants moved to change the venue of

the action from the county of Kings, where the plaintiff resides, to the county of Albany or the county of Rensselaer. The court denied the motion, and the defendants appeal.

The plaintiff contends that a proper affidavit of merits is essential on a motion of this character, and that there was no such affidavit; his point being that the moving affidavit contained only a statement that the affiant defendant had "fully and fairly stated the case of the defendants" to their counsel, instead of a statement that he had stated "the case of the defendants" to counsel. We think this is hyper-criticism, and that the affidavit is sufficient.

We have no disposition to interfere with the exercise of the discretion of the special term on a motion to change the venue, but its action and the question involved are also subject to our discretion. This compels an analysis of the moving affidavits. They show that there are fourteen witnesses, besides the defendants, who will testify on behalf of the defendants. Seven of them were employés in the foundry, who will testify as to plaintiff's experience and capacity for his work, and the slightness of his injury. Two other employés saw the accident, and will testify that plaintiff struck the handle of his ladle against a ladder which was standing in plain view of all employés, on an open floor, and was in use by machinists erecting an air hoist, and that it was not in or an obstruction to any passageway. Three others will testify to the slightness of the plaintiff's injuries and to the position of the ladder, and another person will testify that he was timekeeper, and that the plaintiff worked several days continuously after the accident. Another witness will testify to making a photograph of the place where the plaintiff was injured. I cannot see why the affidavits do not fully comply with the somewhat strict rules laid down in respect to necessary allegations on such a motion. Assuming that only two or three of the seven witnesses first referred to are essential to prove the plaintiff's experience and capacity, and his continuance at work after the accident, it would seem as if the defendants show that there are at least eight or ten material and necessary witnesses resident in the county of Albany or the county of Rensselaer. On the other hand, the plaintiff's affidavit alleges that he is informed that one molder with whom he was working "is now in the city of New York," not that he resides there, and that such person and the plaintiff's mother and his physician are also material witnesses,— in all, three persons.

Under these circumstances, we are of opinion that the motion for change of venue to the county of Albany or the county of Rensselaer, where or in the vicinity of which the defendants' witnesses reside should have been granted.

Order reversed, with $10 costs and disbursements, and place of trial changed to Rensselaer county. All concur.